UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMARICE DEON TERRELL, CDCR #BG-8647,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>ROBERTO A. ARIAS,<br><br>　　　　　　　　　　Defendant. | Case No.: 25cv2342-RSH (BJW)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and**<br><br>**(2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff Demarice Deon Terrell, a state prisoner proceeding *pro se*, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff has also filed a Motion to proceed in forma pauperis ("IFP"). ECF No. 2.

**I.　Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55, although the administrative fee does not apply to persons granted leave to proceed IFP. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). The action may proceed despite a plaintiff's failure to

prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has insufficient assets. *See* 28 U.S.C. § 1915(b)(1), (4); *Bruce v. Samuels*, 577 U.S. 82, 84 (2016). Prisoners who proceed IFP must pay any remaining balance in "increments" or "installments," regardless of whether their action is ultimately dismissed. 28 U.S.C. § 1915(b)(1), (2); *Bruce*, 577 U.S. at 84.

Plaintiff's prison certificate shows he had an average monthly balance of $18.79 and average monthly deposits of $17.88 for the six months preceding the filing of this action, and an available balance of $0.08. ECF No. 2 at 5-6. The Court **GRANTS** Plaintiff's motion to proceed IFP and assesses no initial partial filing fee because it appears Plaintiff does not have the ability to pay. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor v. Delatoore*, 281 F.3d 844, 850 (9th Cir. 2002) (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on "failure to pay . . . due to the lack of funds available to him when payment is ordered"). Plaintiff remains obligated to pay the entire $350 statutory fee in full pursuant to the installment provisions of 28 U.S.C. § 1915(b)(1), (2).

II.     **Screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

A.     **Standard of Review**

Because Plaintiff is a prisoner proceeding IFP, his Complaint requires a pre-Answer screening pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). Under these statutes, the Court

must *sua sponte* dismiss a prisoner's IFP complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) (internal quotation marks and citation omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citation omitted).

### B. Allegations in the Complaint

Plaintiff alleges that he has provided Defendant Warden Arias with proof that the commitment order under which he is confined is unsigned and therefore invalid under state law. ECF No. 1 at 3-4. He attaches as exhibits to the Complaint a copy of his unsigned commitment order and a copy of a different prisoner's felony complaint signed by a committing magistrate. ECF No. 1-2 at 8, 10-11. Plaintiff claims his rights to due process

and equal protection have been violated by Defendant Arias's negligent disregard of his request to look at those documents and investigate the issue, resulting in an illegal incarceration amounting to kidnapping and false imprisonment. ECF No. 1 at 3-4. He seeks an injunction ordering his return to state court for a valid commitment order, and a declaratory judgment declaring his commitment invalid. *Id*. at 7.

C.  Analysis

1. *Due Process Claim*

Plaintiff first alleges he has been denied his liberty without due process of law by Defendant Arias's failure to respond to his request to examine his unsigned commitment order demonstrating his prison commitment is invalid under state law, resulting in an illegal detention amounting to kidnapping and false imprisonment, and seeks to have his incarceration declared illegal. ECF No. 1 at 3-4, 7. The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. Assuming Plaintiff could establish that Warden Arias is depriving him of his federal due process rights by failing to determine whether his incarceration is illegal under state law, he is unable to bring such a claim under 42 U.S.C. § 1983. Claims related to the "circumstances" of a prisoner's confinement are brought in a civil rights action under 42 U.S.C. § 1983, while constitutional challenges to the validity or duration of a prisoner's confinement must be raised in a petition for federal habeas corpus under 28 U.S.C. § 2254. *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *see also Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) ("The Court has long held that habeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." (citing *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005))). A claim based on "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable under § 1983 unless Plaintiff "prove[s] that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff may not pursue claims that he is unlawfully incarcerated in a civil rights action pursuant to 42 U.S.C. § 1983 without first showing his incarceration has been invalidated. *Id.*; *see also Ramirez v. Galaza*, 334 F.3d 850, 856 (9th Cir. 2003) ("Suits challenging the validity of the prisoner's continued incarceration lie within 'the heart of habeas corpus,' whereas 'a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.'" (*quoting Preiser*, 411 U.S. at 498-99)).

Accordingly, Plaintiff's Fourteenth Amendment due process claim is dismissed *sua sponte* without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 2. *Equal Protection Claim*

Plaintiff also alleges he has been denied equal protection of the laws by the failure of Defendant Arias to respond to his requests to compare his invalid unsigned commitment order with the valid signed commitment of another prisoner and realize his commitment order is invalid. ECF No. 1 at 4. To the extent success on this claim would also require the invalidation of his incarceration, it too sounds in habeas and fails to state a § 1983 claim for the reasons set forth above. In addition, in order to state an equal protection claim, Plaintiff must set forth facts which plausibly allege intentional discrimination based on membership in a protected class. *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1123 (9th Cir. 2013); *Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status."); *Fields v. Legacy Health Sys.*, 413 F.3d 943, 955 (9th Cir. 2005) (identifying "race, alienage, national origin" as examples of characteristics protected by the Equal Protection Clause). There are no factual allegations in the Complaint which plausibly allege Plaintiff was intentionally discriminated against because of a protected status. *See United States v. Whitlock*, 639 F.3d 935, 941 (9th Cir. 2011) ("[N]either

prisoners nor 'persons convicted of crimes' constitute a suspect class for equal protection purposes." (citing *Glauner v. Miller*, 184 F.3d 1053, 1054 (9th Cir. 1999))); *Fields v. Legacy Health Sys.*, 413 F.3d 943, 955 (9th Cir. 2005) (identifying "race, alienage, national origin, [and] sex" as examples of characteristics protected by the Equal Protection Clause).

An equal protection claim can be brought under a "class of one" claim where a plaintiff is treated differently than similarly situated individuals without a rational basis for the difference in treatment. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 602 (2008) ("[W]hen it appears that an individual is being singled out by the government, the specter of arbitrary classification is fairly raised, and the Equal Protection Clause requires a 'rational basis for the difference in treatment.'" (quoting *Olech*, 528 U.S. at 564)). There are no allegations in the Complaint which plausibly suggest Plaintiff was intentionally treated differently or arbitrarily as a result of animus against him. *See Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 592 (9th Cir. 2008) ("[T]he plaintiff in a 'class of one' case does not allege that the defendants discriminated against a *group* with whom she shares characteristics, but rather that the defendants simply harbor animus against her *in particular* and therefore treated her arbitrarily.").

Plaintiff's equal protection claim is dismissed *sua sponte* pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) for failing to state a claim. *Watison*, 668 F.3d at 1112; *Wilhelm*, 680 F.3d at 1121.

### 3. *Negligence Claim*

Finally, Plaintiff claims Defendant has negligently failed to determine that his commitment order is invalid under state law. ECF No. 1 at 2-3. The Court may "decline to exercise supplemental jurisdiction" over any supplemental state law claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); *Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point toward declining to exercise

jurisdiction over the remaining state-law claims." (internal quotation marks omitted)). Because all federal claims have been dismissed from this action, the Court declines to exercise supplemental jurisdiction over any state law negligence claim at this time.

### D. Leave to Amend

Although it appears unlikely Plaintiff can cure the foregoing defects of his pleading, in light of his pro se status, the Court grants leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)).

## III. Conclusion and Orders

Good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP. ECF No. 2.

2. **DIRECTS** the Secretary of the CDCR, or his designee, to collect from Plaintiff's prison trust account the $350 filing fee by collecting monthly payments from Plaintiff's account in an amount equal to twenty percent (20%) of the preceding month's income and forwarding those payments to the Clerk of the Court each time the amount in the account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2).

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Jeff Macomber, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California 94283-0001.

4. **DISMISSES** all claims in the Complaint without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

5. **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to file a First Amended Complaint which cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint. Any claims not re-alleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc.*

*v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled."). If Plaintiff fails to amend, the Court will dismiss this action for failure to state a claim and failure to prosecute. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 6, 2025

Hon. Robert S. Huie
United States District Judge